Hanze WANG, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–71056.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2006.

Decided June 22, 2006.

Matthew B. Hayhurst, Esq., Boone Karlberg, PC, Missoula, MT, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Paisner, Esq., Kristin K. Edison, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Before: GOODWIN, O'SCANNLAIN, and THOMAS, Circuit Judges.

MEMORANDUM *

Inconsistencies the BIA cited in Wang's testimony concerning his wife's abortion and his threat of sterilization provide substantial evidence for the adverse credibility finding. *Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). Inconsistencies in Wang's testimony about his religious persecution do not "go to the heart of" his claim for asylum based on family planning persecution, but they contribute to the failure of the petitioner to persuade the IJ that he was a credible witness. *Kaur v. Gonzales,* 418 F.3d 1061, 1066 (9th Cir.2005).

Because substantial evidence supports the adverse credibility finding, and the petitioner's conflicting stories do not reveal compelling reasons to go beyond the credibility issue to re-examine the merits, the petition is DENIED.

THOMAS, Circuit Judge, dissenting.

I respectfully dissent. In order to survive appellate review, the IJ or BIA must identify "specific, cogent reasons" for an adverse credibility finding, and the reasons must be substantial and legitimately connected to the finding. *Singh v. Ashcroft,* 367 F.3d 1139, 1143 (9th Cir.2004). This means that the reason identified must "strike at the heart of the claim" to asylum. *Li v. Ashcroft,* 378 F.3d 959, 964 (9th Cir.2004). "Minor inconsistencies ... that do not relate to the basis of an applicant's alleged fear of persecution, [or] go to the heart of the asylum claim" do not general-

ly support an adverse credibility finding. *Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003). An adverse credibility determination may not be based on speculation or conjecture not supported by evidence in the record. *Ge v. Ashcroft,* 367 F.3d 1121, 1124–25 (9th Cir.2004).

We independently review each ground the agency cites in support of an adverse credibility finding. *Zheng v. Ashcroft,* 397 F.3d 1139, 1143 (9th Cir.2005). Here, Wang makes two independent claims for asylum—one based on China's population control program and the other based on his religion.

The BIA's reasons for rejecting Wang's testimony concerning his claim for asylum under China's population control program cannot be sustained. Wang testified that his wife became pregnant with their second child in 1985 without permission from the Chinese government. She delivered the baby in secret, but the birth was eventually discovered. His wife was forced to wear an IUD, and they were fined. Wang was fired from his job.

In 1992, Mr. Wang's wife became ill from complications related to the IUD, and the couple had it secretly removed. In 1994, Wang's wife became pregnant again. Unaware of the pregnancy, she went to the hospital because she was feeling ill. The doctors performed an abortion without her consent. Wang was informed about the abortion after it was performed. He was also told that he would be forcibly sterilized in two days time, so he fled.

If credible, this testimony is sufficient to establish an asylum claim. The forced abortion of his wife's pregnancy alone is sufficient to establish past persecution, entitling him to the presumption of a well-founded fear of future persecution which

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

has not been rebutted by the government. *See* 8 U.S.C. § 1101(a)(42)(B) (defining "refugee" to include "a person who has been forced to abort a pregnancy ..."); *Qu v. Gonzales*, 399 F.3d 1195, 1198–99 (9th Cir.2005); *Ma v. Ashcroft*, 361 F.3d 553, 559 (9th Cir.2004). He is therefore statutorily eligible for asylum. *See Zheng*, 397 F.3d at 1148 ("A person whose spouse has been ... forced to have an abortion is automatically eligible for asylum.").

When the BIA opinion is distilled, the only discrepancy identified by the BIA that went to the heart of his claim that his wife had suffered a forcible abortion was a perceived discrepancy between Wang's asylum application and his testimony. The BIA found that the accounts on how the abortion was discovered differed because he stated in his asylum application that his wife's employer found out about the abortion and fired her. On close examination, there is no inconsistency at all. That his wife's employer found out about the abortion and fired her does not conflict in any way with his testimony that he was informed by the doctors at the hospital that an abortion had been performed. Indeed, it is illogical to infer from the application that his wife's employer informed her of the abortion.

If Wang's testimony about the forcible abortion is credited, as it should be, he is statutorily eligible for asylum, and we should remand to the agency for further proceedings. Our analysis should end there. Without commenting on the other reasons cited by the BIA in support of its adverse credibility determination, I simply note that none of them survive close scrutiny under our case law and none of them go to the heart of the claim concerning the forcible abortion. Therefore, I would grant the petition.