**Hanze WANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71056.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2006.

Filed Jan. 2, 2008.

Hanze Wang, Sachse, TX, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Francis W. Fraser, Esq., Jennifer Paisner, Esq., Kristin K. Edison, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, O'SCANNLAIN, and THOMAS, Circuit Judges.

### ORDER

The memorandum disposition filed June 22, 2006, 186 Fed.Appx. 786, is withdrawn, and a new memorandum disposition is ordered filed in its place.

With the filing of the new memorandum disposition, Judge Goodwin and Judge O'Scannlain have voted to deny the petition for panel rehearing. Judge Thomas has voted to grant the petition for panel rehearing. Judge Goodwin recommends denial of the petition for rehearing en banc and Judge O'Scannlain has voted to deny it. Judge Thomas has voted to grant the petition for rehearing en banc. Because the petition for rehearing en banc is still pending, the mandate will be stayed until that question has been decided. No further briefs or petitions for rehearing will be entertained as to the disposition.

### MEMORANDUM *

Matthew B. Hayhurst, Esq., Boone Karlberg, PC, Missoula, MT, for Petitioner.

Hanze Wang petitions for review of a Board of Immigration Appeals (BIA) decision that denied his application for asylum

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on the basis of an adverse credibility finding. We deny the petition.

Because the BIA reviewed the order of the immigration judge de novo, we review only the BIA's determination. *Garrovillas v. INS*, 156 F.3d 1010, 1013 (9th Cir.1998). This court reviews adverse credibility findings under the substantial evidence standard. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). The agency must provide "specific and cogent reasons to support an adverse credibility determination." *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005). "[M]inor inconsistencies that do not go to the heart of an applicant's claim for asylum cannot support an adverse credibility determination." *Id.* That said, this court "must uphold the BIA's findings unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result." *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). We must affirm "[s]o long as *one* of the identified grounds [for an adverse credibility finding] is supported by substantial evidence and goes to the heart of [the petitioner's] claim of persecution." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003) (emphasis added).

■ We affirm the BIA's finding that Wang's testimony regarding religious persecution contains material inconsistencies. Wang first testified that he was detained for four days, two days at a police branch office and two days at the main police station. He then changed his testimony, testifying that he was detained for only two days in total, and escaped while he was being transferred to the main police station. When confronted by the IJ, Wang did not explain the inconsistency. Wang also testified that he was beaten with a rock during detention, but his application made no mention of the abuse, even though the application did describe a different and minor altercation with the police. These inconsistencies are material

because they concern the length of his detention and the abuse that he suffered. *See Singh–Kaur*, 183 F.3d at 1151–52 (finding inconsistent testimony that "directly concern[ed] the reason why the police arrested Petitioner and the nature of the torture that he allegedly suffered"). Moreover, Wang gave inconsistent accounts of his conversion to Christianity. His application stated that he converted after attending "a mass by chance." At the hearing, he first testified that he was introduced to Christianity by a Christian family with whom he was staying after leaving his home village. He then testified that he learned about Christianity from a minister named Wong, whom he consulted because he was depressed.

■ We are not persuaded by the BIA's finding of inconsistency with respect to Wang's testimony regarding the alleged birth control persecution. There was little, if any, direct contradiction between Wang's testimony that his wife's pregnancy was first discovered by a doctor, and his application's statement that his wife had an abortion after her employer found out about the pregnancy. Wang's testimony that he received a notice of sterilization on paper did not directly contradict his application's statement that local officials informed him of the sterilization order in person, because both could have occurred. Nonetheless, because the BIA's findings with respect to religious persecution are supported by substantial evidence, we will not disturb the BIA's adverse credibility determination overall. *See Wang*, 352 F.3d at 1259. "Our law has long recognized that a person who is deemed unbelievable as to one material fact may be disbelieved in all other respects." *Lopez–Umanzor v. Gonzales*, 405 F.3d 1049, 1059 (9th Cir.2005). Wang argues that the religious persecution and birth control aspects of his application should be analyzed in isolation from one another, but we see no reason to treat a single asylum application

as filed by two different individuals, each requiring a separate credibility determination.

Wang's petition for review is DENIED.

THOMAS, Circuit Judge, dissenting:

I respectfully dissent. In order to survive appellate review, the IJ or BIA must identify "specific, cogent reasons" for an adverse credibility finding, and the reasons must be substantial and legitimately connected to the finding. *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir.2004). This means that the reason identified must "strike at the heart of the claim" to asylum. *Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004). "Minor inconsistencies ... that do not relate to the basis of an applicant's alleged fear of persecution, [or] go to the heart of the asylum claim" do not generally support an adverse credibility finding. *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 660 (9th Cir.2003). An adverse credibility determination may not be based on speculation or conjecture not supported by evidence in the record. *Ge v. Ashcroft*, 367 F.3d 1121, 1124–25 (9th Cir.2004).

We independently review each ground the agency cites in support of an adverse credibility finding. *Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir.2005). Here, Wang makes two independent claims for asylum—one based on China's population control program and the other based on his religion.

The BIA's reasons for rejecting Wang's testimony concerning his claim for asylum under China's population control program cannot be sustained, as the majority agrees. I part ways with the majority, however, because I believe the BIA's reasons for finding the other aspects of his application not credible cannot be sustained either. The BIA relied on three major inconsistencies in Wang's claim of religious persecution: (i) how Wang came to the church; (ii) his physical mistreat-

ment during detention for practicing his religion; (iii) the length of his detention and the timing of his escape.

With respect to how Wang came to the church, the Board is wrong in stating that Wang's statement in his application "does not comport" with his testimony. There is nothing inconsistent in these two statements; that he went to a mass "by chance" is entirely consistent with his having gone as a result of his connection to the Wong family, which was "by chance." An adverse credibility finding cannot be based on a "strained and unjustified reading of a single phrase" in the translated asylum application, as compared to his translated testimony. *He v. Ashcroft*, 328 F.3d 593, 602–03 (9th Cir.2003); *Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir.1999). Neither can the fact that the testimony contained more detail than the asylum application provide substantial evidence in support of the adverse credibility finding. *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996). As Mr. Wang put it in his brief, his "asylum application consists of eleven pages, and the narrative of his claim is just two pages long. By contrast, Mr. Wang testified at length on the witness stand, and the transcript of his testimony spans 136 pages.... [T]he Board cannot reasonably expect his asylum application to be as detailed as his oral testimony."

Similarly, with respect to his physical mistreatment during detention, an omission in the application cannot support the adverse credibility finding. The BIA faulted Mr. Wang because he testified that he was physically mistreated while at the police station but did not mention that in his written application. "It is well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application." *Lopez–Reyes*, 79 F.3d at 911; *Aguilera–Cota v. U.S.I.N.S.*, 914 F.2d 1375, 1382 (9th Cir.1990).

Finally, with respect to the length of his detention and the timing of his escape, the majority faults Mr. Wang for not explaining the inconsistency between his initial testimony that he was detained for four days and his apparently changed testimony that he was detained for only two. When pressed, however, Mr. Wang clarified that he was detained for two days and escaped on the way to the main station. Because a two-day detention as opposed to a four-day detention would weaken Mr. Wang's asylum claim, it is unlikely he was trying to deceive the IJ and more likely that he simply misspoke or was mistranslated. *See Damaize–Job v. INS*, 787 F.2d 1332, 1338 (9th Cir.1986) ("[M]inor discrepancies in date that are attributable to the applicant's language problems ... and cannot be viewed as attempts to enhance his claims of persecution have no bearing on credibility.").

Because the grounds relied on by the BIA in upholding the adverse credibility finding were improper under this Court's precedent, I respectfully dissent.